1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8
9

10  ROBERT DOWD,                                    Case No.  1:14-cv-00117-AWI-SKO

11              Plaintiffs,                         **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND**

12      v.

13  CALIFORNIA STATE BAR, et al.,

14              Defendants.                         **OJBECTIONS DUE:  21 DAYS**

15  _____/       (Doc. No. 1)

16
17

## I.    INTRODUCTION

18

19      On January 27, 2014, Plaintiff Robert Dowd ("Plaintiff") filed a complaint against the

20  California State Bar, Donald J. Miles, Judith Epstein, Joann Remke, Tani Cantil-Sakauye, Joyce

21  Kennard, Marvin Baxter, Kathryn M. Werdegar, Ming W. Chin, Carol Corrigan, Goodwin Liu,

22  Jean Shah, Cathy Lindsey, Rosalie Ruiz, the California State Bar Journal, and DOES 1 through 50

23  (collectively, "Defendants").  Pursuant to 42 U.S.C. §1983, Plaintiff alleges Defendants violated

24  his constitutional rights.  Plaintiff also raises state law claims for defamation and discrimination,

25  as well as a claim under the Racketeer Influenced and Corrupt Organizations Act.  Against all

26  Defendants, Plaintiff seeks monetary damages exclusively.

27      For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's

28  complaint be dismissed without leave to amend.

## II.    BACKGROUND

Plaintiff's lengthy complaint is disorganized and rambling, making it difficult to discern the factual basis of his claims.  Nevertheless, it appears Plaintiff's claims arise out of events that occurred as part of disciplinary proceedings initiated against Plaintiff by the California State Bar Association ("State Bar").  Plaintiff alleges that all the Defendants "actively conspired together" to have him disbarred.  (Doc. 1, 4:3.)

At some point in 1997, Plaintiff was disciplined by the State Bar for failing to supervise an assistant who stole money out of a client account.  (Doc. 1, ¶ 17.)  Later, in August 2010, Plaintiff was charged with violating the California Business & Professions Code § 6068(d) for authorizing his legal assistant to sign his name to a declaration Plaintiff had prepared.  (Doc. 1, 4:23-28, ¶ 3.)  In 2011, Plaintiff was convicted of a misdemeanor for violating California Penal Code Section 148, for which he was fined $100.  (Doc. 1, 10:9-11.)[1]  Thereafter, disbarment proceedings were initiated because of Plaintiff's record of convictions, which Plaintiff terms a "three-strike" rule pursuant to the Rules of the State Bar.

Plaintiff appears to allege that the 2010 discipline was for a minor offense, and using this as a basis to apply a "three-strike rule" was unconstitutional; Plaintiff also appears to contend that the "three-strike rule" itself is unconstitutional.  Plaintiff explains that there are no definitive standards to evaluate or distinguish between minor and serious offenses committed by members of the bar, and thus there is no definitive legal standard for applying the three-strike rule.  Plaintiff alleges that other judges and attorneys have been found guilty of drunk driving and various other general intent misdemeanors, and the court has not imposed discipline on them.  Plaintiff alleges that the "State Bar Justice system" "sets senior sole practitioners up for failure" by punishing them for minor or non-existent offenses.  (Doc. 1, 29:23-27, ¶ 30.)  Plaintiff states that Defendants conspired against him to bring about his disbarment in an effort to discriminate against him as a white man over the age of 65.  (Doc. 1, ¶ 18.)

---

[1] California Penal Code Section 148(a)(1) provides that every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician in the discharge of any duty of his or her office of employment shall be punished by a fine not exceeding $1,000 or by imprisonment in a county jail for up to one year.

2

1   Against all Defendants, Plaintiff seeks damages in the amount of $11,025,000 and an order

2   that he may practice law before the federal court in which this case is filed.  (Doc. 1, 51, ¶¶ 1-5.)

3                                   **III.    DISCUSSION**

4          Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain

5   statement of the claim showing that the pleader is entitled to relief."  Rule 8(d) requires that each

6   allegation must be "simple, concise, and direct."  Where the factual elements of a cause of action

7   are present but are scattered throughout the complaint and are not organized into a short, plain

8   statement of the claim, dismissal for failure to satisfy Rule 8 is proper.  *See McHenry v. Renne*,

9   84F.3d 1172, 1178 (9th Cir. 1996) (stating complaint should set forth who is being sued, for what

10  relief, and on what theory with enough detail to provide notice to defendants).

11         As noted above, Plaintiff's complaint is lengthy, disorganized, and rambling.  It does not

12  set forth events in chronological order, and the conduct of each defendant is not clearly alleged.

13  Pursuant to Rule 8, it is subject to dismissal on that basis alone.  Additionally, notwithstanding the

14  lack of clarity, the federal claims Plaintiff attempts to state are barred by the Eleventh Amendment

15  or are otherwise precluded by judicial or quasi-judicial immunity.

16  **A.     The Eleventh Amendment Bars Plaintiff's Claims for Monetary Damages Against the
            State Bar**

17

18         Plaintiff seeks monetary damages for each of his claims against the California State Bar.

19  The Eleventh Amendment protects states and their entities and agencies against suits brought by

20  citizens in federal court.  *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985),

21  superseded by statute on other grounds.   It is well established that the State Bar and the State Bar

22  Court are arms of the State for purposes of the Eleventh Amendment.  *Lupert v. California State*

23  *Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985); *Hirsh v. Justices of the Sup. Ct.*, 67 F.3d 708, 715 (9th

24  Cir. 1995) (the Eleventh Amendment's grant of sovereign immunity bars monetary relief from

25  state agencies "such as California's Bar Association and Bar Court"). As such, the Eleventh

26  Amendment precludes Plaintiff's suit against the State Bar.

27

28

**B.      State Bar Officials are Immune from Damage Suits**

**1.      State Bar Prosecutors Are Entitled to Quasi-Judicial Immunity**

Defendants Jean Shah and Cathy Lindsey are alleged to be California State Bar attorneys who apparently prosecuted Plaintiff in relation to the disciplinary proceedings before the State Bar Court.  Plaintiff alleges that Defendants Shah and Lindsey failed to ethically prosecute the case against him. (Doc. 1, 25:2-5.)  Plaintiff complains that no other attorney in the reported cases of California has ever been disciplined under a deceit theory for allowing an assistant to sign an attorney's name to a document which was prepared by the attorney and which the attorney authorized the assistant to sign. (Doc. 1, 25:16-19.)  Plaintiff alleges Defendants, including Shah and Lindsey "directed . . . a plan against [Plaintiff]" solely because Plaintiff "refused to take a deal at the settlement conference, and in doing so rejected the authority of the State Bar." (Doc. 25, 13-16.)  Plaintiff essentially contends that Defendants Shah and Lindsey wrongfully prosecuted him.

California State Bar prosecutors enjoy quasi-judicial immunity from the imposition of monetary damages so long as they perform functions similar to those performed by criminal prosecutors.  *Hirsh*, 67 F.3d at 715; *accord Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (finding bar association prosecuting attorney immune from imposition of monetary damages).  The decision to prosecute a case is an essential prosecutorial function, and thus Defendants Shah and Lindsey are entitled to absolute immunity from monetary damages for their performance of this prosecutorial function.  *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976) (holding that initiation of prosecution is the essential function for which common law provides immunity from civil damages; *see Freeman v. Hittle*, 708 F.2d 442, 443 (9th Cir. 1983) (per curiam) (finding that prosecutor acting within scope of his duties in initiating and pursuing criminal prosecution is absolutely immune from civil money damages in section 1983 action alleging constitutional deprivations).  Thus, to the extent Plaintiff is attempting to state claims against Defendants Shah and Lindsey in their individual capacity, these defendants enjoy absolutely immunity against the imposition of money damages in suits alleging misconduct in the performance of essential prosecutorial functions.  *See Wu v. State Bar of Cal.*, 953 F. Supp. 315, 319 (C.D. Cal. 1997).

4

1    Additionally, officials acting in their official capacity receive the same immunity as the

2  government agency to which they belong.  *Hirsh*, 67 F.3d at 715.  Thus, to the extent Plaintiff is

3  attempting to set forth claims for money damages against Defendants Shah and Lindsey in their

4  official capacity, those claims are barred by the Eleventh Amendment.  *Wu*, 953 F. Supp. at 319.

5         **2.      Claims Against State Bar Court Judges Are Barred**

6    Plaintiff names as Defendants Donald J. Miles, a State Bar Court judge, and Judith Epstein

7  and Joann Remke, State Bar Court judges in the Review Department.  Administrative courts and

8  prosecutors enjoy quasi-judicial immunity from monetary damage suits so long as they perform

9  functions similar to judges and prosecutors in a court-like setting.  *Butz v. Economous*, 438 U.S

10  478 (1978).  Likewise, because a State Bar Association is an agent of the State, the Bar Court

11  judges have quasi-judicial immunity from monetary damages insofar as they function in a court-

12  like setting.  *Hirsh*, 67 F.3d at 715.

13    The allegations against Defendants Miles, Epstein, and Remke arise out of quasi-judicial

14  proceedings in disciplining Plaintiff as a member of the Bar.  For example, Plaintiff alleges that he

15  was denied judicial review by the Review Department of the State Bar Court, and he was denied a

16  transcript of the proceedings before State Bar Judge Miles.  (Doc. 1, ¶ 32.)  Plaintiff also

17  complains about the witnesses Defendant Miles considered during the course of Plaintiff's

18  disbarment proceedings.  (Doc. 1, p. 30, ¶¶ 28, 31.)  Because Plaintiff's allegations center on

19  Defendants Miles, Epstein, and Remke's conduct in presiding over Plaintiff's State Bar

20  disciplinary proceedings and subsequent appeal, these judges are entitled to quasi-judicial

21  immunity from Plaintiff's claims for monetary damages.

22  **C.      Claims Against California Supreme Court Justices Barred by Judicial Immunity**

23    Plaintiff names as Defendants Tani [Cantil-]Sakauye, Joyce Kennard, Marvin Baxter,

24  Kathryn M. Werdegar, Ming W. Chin, Carol Corrigan, Goodwin Liu, all justices of the California

25  Supreme Court ("Judicial Defendants").

26    State judges are absolutely immune from civil liability for damages for acts performed

27  within their judicial capacity.  *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial

28  immunity to actions under 42 U.S.C. §1983).  Judicial immunity is an immunity from suit for

5

1   damages, not just from an ultimate assessment of damages.  *See Mireles v. Waco*, 502 U.S. 9, 11

2   (1991).  Whether an act by a judge is a judicial one relates to (1) the nature and function of the act

3   and not the act itself, i.e., whether it is function normally performed by a judge, and to (2) the

4   expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.  *Stump v.*

5   *Sparkman*, 435 U.S. 349, 362 (1978).   Factors that bear on whether a particular act is judicial

6   include whether (1) the precise act is a normal judicial function, (2) the events occurred in the

7   judge's chambers, (3) the controversy centered on a case then pending before the judge, and (4)

8   whether the events arose directly and immediately out of a confrontation with the judge in his or

9   her official capacity.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001).  "A judge

10  will not be deprived of immunity because the action he took was in error, was done maliciously, or

11  in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear

12  absence of all jurisdiction.'"  *Stump*, 435 U.S. at 356-57.  Further, judicial immunity is not lost "by

13  allegations that a judge conspired with one party to rule against another party."   *Moore v.*

14  *Brewster*, 96 F.3d 1240, 1233 (9th Cir. 1996) (superseded by statute on other grounds).

15         The Judicial Defendants have absolute immunity for their role in reviewing

16  recommendations of the Bar Court.  *See Rosenthal v. Justices of the Supreme Court of Cal.*, 910

17  F.2d 561, 565-66 (9th Cir. 1990).   They are also entitled to absolute legislative immunity for

18  actions relating to the promulgation of disciplinary rules.  *Hirsh*, 67 F.3d at 715.

19         Plaintiff sets forth vague allegations regarding a conspiracy among the Judicial Defendants

20  in their role in reviewing recommendations of the Bar Court.  (*See* Doc. 1, ¶ 47.)  Plaintiff also

21  appears to assert that the Judicial Defendants ignored his request for review of the Bar Court

22  recommendations because his petition was untimely filed.  (Doc. 1, ¶ 52.)  Although the complaint

23  is vague and difficult to understand, the Court discerns no allegation of specific conduct that falls

24  outside the scope of judicial immunity.  Thus, there is no cognizable claim against the Judicial

25  Defendants.

26  **D.      Claims Against Defendant Rosalie Ruiz**

27         Defendant Rosalie Ruiz is listed in the caption of Plaintiff's complaint, but she is not

28  referred to in the substantive charging allegations.  In the caption, Defendant Ruiz is grouped with

1    the State Bar Court and State Bar Court Appeal Administrators, and it appears she is a bar court

2    administrator.  To the extent Rosalie Ruiz is an agent of the State Bar, she is shielded from official

3    capacity suits for monetary damages under the Eleventh Amendment.  *Hirsh*, 67 F.3d at 715.

4    Additionally, Defendant Ruiz would be entitled to quasi-judicial immunity from individual

5    capacity suits for damages.  *See Mullis v. U.S. Bankruptcy Ct. for Dist. of Nev.*, 828 F.2d 1385,

6    1390 (9th Cir. 1987).

7    **E.      The Court Should Decline Jurisdiction Over Remaining State Law Claims**

8            Plaintiff also appears to assert a state law claim for defamation, ostensibly against the State

9    Bar Journal for publishing incorrect information related to his disciplinary proceedings before the

10   State Bar.  Federal district courts have "supplemental jurisdiction over all other claims that are so

11   related to claims in the action within such original jurisdiction that they form part of the same case

12   or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Absent a

13   cognizable federal claim, a federal district court may decline to assert supplemental jurisdiction

14   over a plaintiff's pendant state law claims.  28 U.S.C. §1367(c)(3).  In *United Mine Workers v.*

15   *Gibbs*, 383 U.S. 715 (1966), the Court reiterated that "[p]endant jurisdiction is a doctrine of

16   discretion, not of plaintiff's right," and where the "federal claims are dismissed before trial . . . the

17   state claims should be dismissed as well."  *Id.* at 726-27.  The Ninth Circuit has held that when

18   federal claims are dismissed, it is within the court's discretion to dismiss the state law claims, and

19   that generally, the state claims will be dismissed.  *Notrica v. Bd. of Supervisors*, 925 F.2d 1211,

20   1213-14 (9th Cir. 1991); *see also Bryant v. Adventist Health Sys./West*, 289 F.3d 1162, 1169 (9th

21   Cir. 2002).

22           Here, the complaint includes a cause of action for defamation against the State Bar Journal.

23   Although the State Bar Journal is not identified in the substantive allegations under the defamation

24   cause of action, a separate section of the complaint alleges that the State Bar Journal was "directly

25   responsible for the intentionally misleading and incorrect contents of the article . . . ."  (Doc. 1, ¶

26   21.)  Under the claim for defamation, Plaintiff states that the California State Bar placed before the

27   public a written article that was biased and inaccurate regarding the circumstances of Plaintiff's

28   conviction under Section 148 of the California Penal Code.  Plaintiff's claim for defamation

1   appears to be against the State Bar Journal for disseminating incorrect information about his

2   disciplinary proceedings.  Because there are no cognizable federal claims pled, the Court should

3   decline to exercise supplemental jurisdiction over Plaintiff's state law claim for defamation.[2]

4   **F.        Eligibility to Practice in Federal Court**

5           Plaintiff seeks "declaratory relief" from the Court in the form of an order permitting him to

6   continue to practice law in federal court. (Doc. 1, ¶¶ 99-100.)

7           Admissions rules and procedure for federal court are independent of those that govern

8   admission to practice in state courts. *In re Poole*, 222 F.3d 618, 620-22 (9th Cir. 2000). "This is

9   true even 'when admission to a federal court is predicated upon admission to the bar of the state

10  court of last resort.'" *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, (9th Cir. 2009)

11  (quoting *In re Poole*, 222 F.3d at 620).  The U.S. District Court for the Eastern District of

12  California has predicated admission to its bar on admission to the State Bar of California.  Local

13  Rule 180(a) (admission is "limited to attorneys who are active members in good standing of the

14  State Bar of California").  The Court's Local Rules further provide that

15          If an attorney's status so changes with respect to eligibility, the attorney shall
16          forthwith be suspended from practice before this Court without any order of Court
            until becoming eligible to practice.  Upon written motion to the Chief Judge, an
17          attorney shall be afforded an opportunity to show cause why the attorney should
            not be suspended or disbarred from practice in this Court.
18

19  Local Rule 184(b).

20          As Plaintiff is no longer a member of the California State Bar in good standing, he is not

21  eligible to practice before this Court.  The method to challenge Plaintiff's eligibility to practice

22  before this Court is outlined in the Local Rules.  As to Plaintiff's request for a declaration that he

23  be permitted to practice law in federal courts generally, each district court maintains its own rules

24  of admission, and such an order is, therefore, beyond the scope of this Court's authority.

25

26  [2] Moreover, the State Bar Journal is part of the State Bar, and thus suit for monetary damages against it in federal
    court is likewise barred by the Eleventh Amendment. *See generally Torres v. State Bar of Cal.*, 143 Fed App'x 13, * 1
27  (9th Cir. 2005) (unpublished memorandum decision).

28

8

1    In sum, the declaratory relief Plaintiff seeks, i.e., an order that he be permitted to continue

2 to practice law in federal courts generally, is not relief this Court can grant.  Plaintiff may address

3 his eligibility to practice before this Court in the manner provided in the Local Rules.

4                            **IV.    CONCLUSION AND RECOMMENDATION**

5    The California State Bar is immune from suits seeking monetary damages pursuant to the

6 Eleventh Amendment.  The individual defendants, Donald J. Miles, Judith Epstein, Tani Cantil-

7 Sakauye, Joyce Kennard, Marvin Baxter, Kathryn M. Werdegar, Ming W. Chin, Carol Corrigan,

8 and Goodwin Liu, Jean Shah, and Cathy Lindsey are immune from suit under the Eleventh

9 Amendment and pursuant to judicial and quasi-judicial immunity.  Although Defendant Rosalie

10 Ruiz is named in the caption of the complaint, there are no substantive allegations against her in

11 the complaint.  She appears to be a case administrator for the State Bar of California, and any

12 claims for monetary damages against her would be barred by the Eleventh Amendment (official

13 capacity suit), *Hirsh*, 67 F.3d at 715 (defendant acting in official capacity receives the same

14 immunity as the government agency to which he belongs), or barred by quasi-judicial immunity

15 (individual capacity suit), *see Mullis v. U.S. Bankruptcy Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390

16 (9th Cir. 1987) (bankruptcy court clerks entitled to quasi-judicial immunity).  As it pertains to the

17 remaining state law claim for defamation, which appears to be asserted against the California Bar

18 Journal, the Court should decline to exercise supplemental jurisdiction over this claim.  Moreover,

19 as the California Bar Journal is part of the California State Bar, it enjoys the same Eleventh

20 Amendment immunity from damage suits.  Finally, as to Plaintiff's claim for declaratory relief

21 permitting him to practice law in federal courts, the relief sought cannot be granted.  Plaintiff's

22 remedy to address his eligibility to practice law before this Court is set forth in the Local Rules.

23    Because all Defendants are immune from Plaintiff's suit for damages, the Court

24 recommends that Plaintiff's complaint be dismissed with prejudice and without leave to amend.

25    These findings and recommendations are submitted to the district judge assigned to this

26 action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one

27 (21) days of service of this recommendation, any party may file written objections to these

28 findings and recommendations with the Court and serve a copy on all parties.  Such a document

9

1   should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   The

2   district judge will review the magistrate judge's findings and recommendations pursuant to 28

3   U.S.C. § 636(b)(1)(C).   The parties are advised that failure to file objections within the specified

4   time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th

5   Cir. 1991).

6

7

8   IT IS SO ORDERED.

9   Dated:   **June 23, 2014**                                    **/s/ Sheila K. Oberto**
                                                UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28